**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED: JULY 9, 2008
08CV3898
JUDGE ANDERSEN
MAGISTRATE JUDGE NOLAN

| | | |
|---|---|---|
| MARGARET GUZIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. PH |
| | ) | |
| BANK OF AMERICA, N.A., | ) | Amount Claimed $5,000 |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, the Plaintiff, MARGARET GUZIAK, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and in his complaint against BANK OF AMERICA, N.A., states as follows:

### I. Preliminary Statement

1.  This is an action for actual and statutory damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Electronic Funds Transfer Act (hereafter the "EFTA"), 15 U.S.C. § 1693.

### II. Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1693, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III. Parties

3.  At all times relevant herein, the Plaintiff, MARGARET GUZIAK [hereinafter "Plaintiff"], was an individual and a citizen of the county of Cook and State of Illinois.

4.  At all times relevant herein, the Defendant BANK OF AMERICA, N.A., [hereinafter "Defendant"] was an individual and a citizen of the county of Cook and State

of Illinois. Defendant transacted its business as a licensed and registered bank throughout the county of Cook and State of Illinois.

### IV.   Allegations

### COUNT I
### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

5.   On June 5, 2008, Defendant contacted Plaintiff's sister at her home looking for Plaintiff. Defendant stated that it was calling from Bank of America and was looking for Plaintiff to collect on a credit card with a past due balance. Plaintiff sister stated that Plaintiff did not reside with her, the debt did not belong to her and to never contact her again.

6.   Plaintiff's sister contacted Plaintiff to inform her of the conversation with Defendant. Plaintiff immediately called home and listened to a message left by Defendant for Plaintiff to return the telephone call stating it had "options for [Plaintiff] to settle the debt".

7.   Plaintiff returned the call and demanded Defendant no longer contact her family, friends, or her place of employment regarding the debt. Plaintiff stated that Defendant knew her home number and that was the only means of contacting Plaintiff.

8.   Despite Plaintiff's request, Defendant again contacted Plaintiff's sister following his conversation with Plaintiff.

9.   On June 5, 2008, Defendant debited Plaintiff's checking account $110.00 by check number 5031, dated May 31, 2008, as an electronic check without Plaintiff's permission or knowledge.

10.   The following day, on June 6, 2008, Plaintiff discovered that the withdrawal had been made by Defendant when she deposited money into her account and

noticed the balance was inaccurate. Plaintiff requested a statement of all activity on the account and discovered the $110.00 withdrawal taken the previous day by Bank of America.

11. Plaintiff contacted Defendant and demanded to know how Defendant could make a withdrawal without her express permission. Defendant stated that it contacted an individual whom it believed to be Plaintiff, when in fact it was her sister, and that she gave Defendant permission to make the withdrawal. Defendant admitted that it did not ask the caller to verify any personal information or to prove that it was indeed Plaintiff, prior to making the withdrawal.

12. Plaintiff demanded that Defendant return the funds to her checking account as it did not have permission to withdraw the funds.

13. Pursuant to 15 U.S.C. § 1693e, Defendant is liable to the Plaintiff for engaging in the following conduct:

(a) failed to request an authorization from the consumer only in writing prior to performing a preauthorized electronic fund transfer in violation of 15 U.S.C. § 1693e(a);

(b) failed to provide reasonable advance notice to the consumer of the amount to be transferred and the scheduled date of the transfer in violation of 15 U.S.C. § 1693e(b);

14. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendant is liable to the Plaintiff for the full amount of

statutory, actual and treble damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. Defendant's conduct in withdrawing the funds from Plaintiff's checking account without first verifying Plaintiff's identity was deceptive and unfair and done solely to extort and obtain financial gain it was not otherwise entitled to.

17. The deception of the Defendant occurred in the course of conduct involving trade or commerce.

18  Plaintiff was damaged in that she was forced to pay $110.00 on an alleged debt that she did not agree to.

19. Defendant's deception proximately caused Plaintiff's damages

### IV.    Prayer for Relief

WHEREFORE, Plaintiff, MARGARET GUZIAK, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act and Electronic Funds Transfer Act;

(e) Such other and further relief as may be necessary, just and proper.

## V.    Jury Trial Demand

20.     *Plaintiff demands trial by jury on all issues so triable.*

                                                      Respectfully Submitted,
                                                      **MARGARET GUZIAK**


                                     By:    s/Larry P. Smith


LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 N. Michigan Ave., Suite 4000
Chicago, IL 60601
Phone: (312) 222-9028